UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSHUA B. BLUMAN,

                              Plaintiff,

                                                                 Case # 15-CV-627-FPG

v.

                                                                     DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

       Joshua B. Bluman ("Bluman" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for disability insurance benefits ("DIB") under Titles II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

       Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 5, 6. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

       On November 30, 2011, Bluman applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 253-55. He alleged that he had been disabled since October 8, 2009, due to recurring respiratory papillomas, Attention Deficit Hyperactivity Disorder ("ADHD"), and anxiety. Tr. 282. After his application was denied at the initial administrative level, a hearing

---

[1]     References to "Tr." are to the administrative record in this matter.

and supplemental hearing were held before Administrative Law Judge William M. Weir ("the ALJ") on November 1, 2013 and December 16, 2013, in which the ALJ considered Bluman's application *de novo*. Tr. 34-57, 58-123. Bluman appeared at the hearings with his attorney and testified. *Id.* Rachel A. Duchon, a Vocational Expert ("the VE"), also appeared at the hearings and testified. Tr. 42-49, 87-122. On February 28, 2014, the ALJ issued a decision finding that Bluman was not disabled within the meaning of the Act. Tr. 11-22. That decision became the Commissioner's final decision when the Appeals Council denied Bluman's request for review on March 10, 2014. Tr. 1-7. Thereafter, Bluman commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ's decision analyzed Bluman's claim for benefits under the process described above.  At step one, the ALJ found that Bluman had not engaged in substantial gainful activity since the alleged onset date.  Tr. 13.  At step two, the ALJ found that Bluman has the following severe impairments: "dysphonia secondary to a history of recurrent respiratory (laryngeal) papillomatosis requiring periodic laser surgery for removal of papillomas from his vocal cords." Tr. 13-17.  At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings.  Tr. 17.

Next, the ALJ determined that Bluman retained the RFC to perform a full range of work at all exertional levels, but when his dysphonia is at its worst he cannot speak more than occasionally, or one-third of an eight-hour workday.  Tr. 17-20.  At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Bluman from performing his past relevant work as a mortgage loan originator, carpenter, and electrician's helper.  Tr. 20.

At step five, the ALJ relied on the VE's testimony and found that Bluman is capable of making an adjustment to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience.  Tr. 21.  Specifically, the VE testified that Bluman could work as an addresser.  *Id.*  Accordingly, the ALJ concluded that Bluman was not "disabled" under the Act.  Tr. 21-22.

**II.     Analysis**

Bluman argues that remand is required because the Appeals Council erred when it failed to consider new evidence submitted after the ALJ rendered his decision.[2]  ECF No. 5-1, at 30. The Commissioner argues that this new evidence did not relate to the relevant period and thus does not undermine the ALJ's decision.  ECF 6-1, at 30-31.

Bluman submitted treatment notes from Roswell Park Cancer Center dated October 2, 2014, and October 3, 2014 to the Appeals Council.  ECF No. 5-3, at 1-17.  These treatment notes indicated that Bluman had a surgical procedure that revealed that he had lung cancer.  *Id.*  When the Appeals Council denied Bluman's request for review, it stated that it had "looked at" the Roswell treatment notes but that: "The [ALJ] decided your case through February 28, 2014. This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before February 28, 2014."  Tr. 2.

When reviewing a denial of DIB, the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision.  20 C.F.R. § 404.970(b).

Here, the post-hearing evidence was clearly "new" because it did not exist until after the ALJ's decision and was not merely cumulative of other evidence in the record.  The evidence is also "material," because it could have influenced the Commissioner to decide the case differently.  The evidence shows that Bluman has lung cancer, which appears to directly undermine the ALJ's determination that Bluman can perform "a full range of work at all exertional levels."  Tr. 17-20.

---

[2]     Bluman advances other arguments that he believes warrant reversal of the Commissioner's decision.  ECF No. 5-1, at 18-29.  Because this Court disposes of this matter based on the Appeals Council's error, however, those arguments need not be reached.

A more difficult question is whether the new evidence relates to the period on or before the ALJ's decision. The Second Circuit has held that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." *Carrera v. Colvin*, No. 1:13-cv-1414 (GLS/ESH), 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015) (citing *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)). This is because "[e]xaminations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses." *Carrera*, 2015 WL 1126014, at *8 (citation omitted). Thus, the Appeals Council's categorical refusal to consider new and material evidence solely because it was created after the ALJ's decision can constitute reversible error. *Id.* (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the claimant's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought[.]") and *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007) (remanding to consider post-hearing diagnostic evidence suggesting that impairment was substantially more severe than previously diagnosed)).

It is possible that the new evidence only demonstrates that Bluman's condition worsened with time, and thus it may be irrelevant to his condition during the time for which benefits were denied. A post-determination diagnosis may indicate only a more recent onset of disability. It is equally possible, however, that the new evidence clarifies a pre-hearing disability and suggests that Bluman's condition was more serious than previously thought during the relevant time period. Bluman argues that the new evidence relates to the relevant period because "his lung

cancer is directly related to his chronic and recurring respiratory papillomatosis" and it demonstrates "the seriousness and severity" of his condition. ECF No. 5-1, at 30. In fact, there is evidence in the record that respiratory papillomatosis and lung cancer are related. Michael Haben, M.D., Bluman's treating physician, indicated that "respiratory papillomatosis is caused by Human Papilloma Virus (HPV) [and] has the potential for transformation into cancer if left untreated." Tr. 743.

A reviewing court cannot make this assessment. The Appeals Council's cursory, formulaic rejection of the evidence simply because it was generated after the ALJ's decision, without any legal or factual reasoning, is insufficient. *See* 20 C.F.R. § 404.976(b) ("If [the claimant] submit[s] evidence that does not relate to the period on or before the date of the [ALJ's] hearing decision, the Appeals Council *will explain why* it did not accept the additional evidence[.]") (emphasis added). Accordingly, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence. *See Chavis v. Colvin*, No. 5:12-cv-1634 (GLS), 2014 WL 582253, at *3 (N.D.N.Y. Feb. 13, 2014) ("Because there is reasonable basis for doubting whether the Commissioner applied the appropriate legal standards, even if the ultimate decision may be arguably supported by substantial evidence, the Commissioner's decision is reversed and remanded for further administrative proceedings.") (internal quotation marks and citations omitted).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 5) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See*

*Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: October 7, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court