UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHUA B. BLUMAN,

                             Plaintiff,

                                                                          Case # 15-CV-627-FPG

v.

                                                                           DECISION AND ORDER

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.

## INTRODUCTION

On October 7, 2016, the Court granted Plaintiff's Motion for Judgment on the Pleadings and remanded this case to the Commissioner of Social Security for further administrative proceedings, and on October 11, 2016, the Clerk of Court entered Judgment in Plaintiff's favor. ECF Nos. 7, 8. On November 14, 2016, Plaintiff applied for $15,246.00 in attorney fees and $400.00 in costs for 101.5 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 10. The Commissioner opposes Plaintiff's motion and argues that counsel's hourly rate and expenditure of 101.5 hours is "excessive and unreasonable." ECF No. 11 at 1. Plaintiff did not file a reply addressing the Commissioner's arguments. For the reasons that follow, Plaintiff's Motion for Attorney Fees (ECF No. 10) is GRANTED IN PART and counsel is awarded $5,716.20 in attorney fees and $400.00 in costs.

## DISCUSSION

Pursuant to EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

"substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).

"The Court must determine if the hours expended and the rates charged are reasonable," *Ballard v. Astrue*, 485 F. Supp. 2d 290, 291 (W.D.N.Y. 2007) (citations omitted), and the Court has broad discretion to determine what amount of time is "reasonably" expended, *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986). It is the fee applicant's burden to establish "to the court's satisfaction the reasonableness of the hours expended and rates charged." *Pavia v. Comm'r of Soc. Sec.*, No. 5:10-CV-0818 GTS/DEP, 2013 WL 5652497, at *4 (N.D.N.Y. Oct. 15, 2013).

Here, the sole issue is whether the fee sought is "reasonable." ECF No. 11 at 2-7. Specifically, the Commissioner asserts that counsel's hourly rate and the request for compensation for 101.5 hours are excessive and unreasonable. *Id.* These issues are addressed below.

**I.     Counsel's Hourly Rate**

EAJA requires attorney reimbursement at a rate of $125 per hour, subject to an upward cost of living adjustment or special factors justifying a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). "The current statutory cap of $125 per hour took effect in 1996, and the Court may revise it upward to reflect inflation as determined by the Consumer Price Index ["CPI"]." *Isaacs v. Astrue*, No. 07-CV-257A, 2009 WL 1748706, at *3 (W.D.N.Y. June 19, 2009) (citations omitted).

In March 1996, when this cap was imposed, the CPI was 155.7. *See* Bureau of Labor Statistics, Consumer Price Index: March 1996, https://www.bls.gov/news.release/history/cpi_041296.txt (last visited Sept. 6, 2017). In November 2015, when Plaintiff's firm billed the majority of its time in this case, the CPI was 237.336. *See* Bureau of Labor Statistics, U.S. Dep't

of Labor, Archived Consumer Price Index Detailed Reports, 2015 Detailed Reports, Data for November 2015 at 4, https://www.bls.gov/cpi/detailed-report.htm (last visited Sept. 6, 2017). Accordingly, the appropriate hourly rate is $190.54.[2] Plaintiff's counsel seeks, without explanation, an hourly rate of $300.00, which is well beyond the appropriate rate pursuant to EAJA after adjustment for inflation.

## II. Hours Expended

"The Court has broad discretion to determine the amount of time reasonably expended, but is not required to scrutinize each action taken or the time spent on it when determining what is reasonable." *Mitchell v. Berryhill*, No. 1:14-CV-00418 (MAT), 2017 WL 1047360, at *2 (W.D.N.Y. Mar. 17, 2017) (quotation marks and citation omitted). District courts in the Second Circuit "generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) (collecting cases). Attorney fees above this amount "will be awarded where the facts of the specific case warrant such an award." *Id.* (citations omitted). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Id.* (citation omitted). "[W]hen a case does not rais[e] any extraordinarily difficult or complex legal or factual issues, courts have determined that the hours spent litigating it should not have exceeded the guideline range." *Rivera v. Astrue*, No. 07-CV-3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009) (quotation marks and citation omitted).

---

[2] The Court made this determination based on the following calculation:

$$\frac{\$125 \text{ (EAJA hourly rate)}}{155.7 \text{ (CPI in March 1996)}} = \frac{X}{237.336 \text{ (CPI in November 2015)}}$$

"X" reflects the appropriate hourly rate in November 2015, which equals $190.54.

Here, the size of the administrative transcript (748 pages) is in line with what this Court typically sees in a Social Security case.[3] Additionally, the factual and legal issues involved in this case were not complex. Plaintiff raised arguments routinely made in Social Security appeals: (1) that the ALJ violated the treating physician rule; (2) that the ALJ's credibility analysis was improper; (3) that the ALJ improperly evaluated the combination of Plaintiff's impairments; (4) that the ALJ improperly relied on vocational expert testimony; and (5) that the Appeals Council erred by failing to consider new and material evidence. ECF No. 5-1 at 18-30. Moreover, the procedural history of this case was simple—Plaintiff and the Commissioner each filed competing motions for judgement on the pleadings. ECF Nos. 5, 6. Plaintiff did not file a reply brief and the Court did not hear oral argument.

Counsel has almost 34 years of experience representing Social Security plaintiffs (ECF No. 10-2 at ¶ 2) and thus is very knowledgeable and skilled in this area of the law. Counsel also represented Plaintiff at the administrative level (*see* Tr. 333-35, 337-40) and should have been familiar with the facts and issues of this case. Counsel has offered no explanation why this case warrants an attorney fee award of 101.5 hours, which is far beyond the standard 20 to 40 hours. *See, e.g.*, *Pavia*, 2013 WL 5652497, at *4 ("The plaintiff has the burden of establishing to the court's satisfaction the reasonableness of the hours expended and rates charged").

The Commissioner suggests that the Court award Plaintiff's counsel 30 of the customary 20 to 40 hours at a rate tied to the CPI. ECF No. 11 at 7. Plaintiff did not reply to the

---

[3] Courts in other districts have also noted that a Social Security transcript is often around 700 pages. *See, e.g.*, *Roth v. Comm'r of Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2 (D. Md. Feb. 10, 2015) (describing a 412-page record as "quite short" and noting that Social Security appeals "regularly involve records in excess of 700 pages"); *Mandrell v. Astrue*, No. 06-cv-612-JPG, 2008 WL 2704894, at *3 (S.D. Ill. July 9, 2008) (describing an 820-page record as "larger than average"); *Ubel v. Colvin*, No. 13-875 (JRT/JJG), 2014 WL 2009051, at *2 (D. Minn. May 16, 2014) (describing an 879-page record as "a little longer than average"); *Elstun v. Comm'r of Soc. Sec.*, No. 6:12-cv-01811-MA, 2014 WL 667587, at *3 (D. Or. Feb. 20, 2014) (describing a 1,208-page record as "above average, but not to an extraordinary extent").

Commissioner's argument and therefore offered no alternative remedy. Accordingly, the Court finds that it is reasonable to award Plaintiff's counsel attorney fees in the amount of $5,716.20 (reflecting 30 hours of work at $190.54 per hour[4]) and $400.00 in costs.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Attorney Fees (ECF No. 10) is GRANTED IN PART and counsel is awarded $5,716.20 in attorney fees and $400.00 in costs. The Commissioner shall promptly pay this sum to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: September 6, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[4] Although counsel's time records distinguish between tasks that she performed (at $300.00 per hour) and tasks that her law clerks performed (at $90.00 per hour), the Court is not required to scrutinize each individual entry, *see, e.g.*, *Mitchell*, 2017 WL 1047360, at *2, and therefore uniformly applies the $190.54 per hour rate to the 30 hours awarded.